IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ellen Keates, an individual, | No. CV-15-01270-PHX-NVW |
| Plaintiff, | |
| v. | |
| Michael Koile, individually, and Kimberly Pender, individually, | |
| Defendants. | |

**PRELIMINARY JURY INSTRUCTIONS**

March 10, 2020

Neil V. Wake
Senior United States District Judge

**DUTY OF JURY**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.


**INTERFERENCE WITH FAMILIAL ASSOCIATION WITHOUT DUE PROCESS OF LAW AND DEFENSES**

Plaintiff Ellen Keates brings this action against Defendants Michael Koile and Kimberly Pender for interference with familial association without due process of law.  A Defendant is liable for interference with familial association without due process of law if:

1.    the Defendant is an employee of the State of Arizona acting under that authority;

2.    the Defendant removed Amber Keates from Plaintiff's custody; and

3.      the Defendant removed Amber Keates without Plaintiff's consent or a court order.

The Plaintiff has the burden of proving elements 1, 2 and 3 by a preponderance of the evidence.

But a Defendant is not liable if:

4.      the Defendant had information at the time of the seizure establishing reasonable cause to believe that the child was in imminent danger of serious bodily injury within the time it would take to obtain a court order authorizing the removal;

5.      the Defendant pursued reasonable avenues of investigation; and

6.      the scope and degree of the interference with familial association were reasonably necessary to avert the imminent danger and there was no less intrusive means of protecting the child.

The Defendant has the burden of proving 4, 5, and 6 by a preponderance of the evidence.

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**SUPERVISORY DEFENDANT LIABILITY**

A supervisory defendant, such as Kimberly Pender, is liable for unconstitutional interference with parental rights if:

1.    the supervisory defendant was an employee of the State of Arizona acting in that capacity;

2.    defendant's subordinate, Michael Koile, is liable for interference with familial association without due process of law; and

3.    the supervisory defendant directed her subordinate in the acts that interfered with familial association without due process of law.

The Plaintiff has the burden of proving all these elements by a preponderance of the evidence.

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for the injury caused by the interference with familial association without due process of law.

You should consider the nature and extent of plaintiff's injuries and the mental suffering and emotional pain experienced from interference with familial association without due process of law through legally deficient procedures. If the plaintiff's parental rights inevitably would have been deprived if an adequate procedure had been followed, the plaintiff must not be awarded damages that accrued after that procedure. Distress a person feels may be attributable to the justified deprivation of family relations or to deficiencies in procedure related to such deprivation. In this case, damages may not be awarded based on the justified deprivation of family relations after the issuance of a later court order.

If you find for the plaintiff on the plaintiff's claim, you may award damages only in relation to the following conduct: The removal of Amber Keates from Plaintiff's custody on May 21, 2013.

An award of damages must be based upon evidence and not upon speculation, guesswork, or conjecture.

The plaintiff has the burden of proving damages by a preponderance of the evidence.

**NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.

**TWO DEFENDANTS**

You should decide the case as to each party Defendant separately. Unless otherwise stated, the instructions apply to all parties.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them

differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no

distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or

approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these

conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.