DeeAn Gillespie Strub, Bar No. 009987
Amanda S. Chua, Bar No. 022143
Gillespie, Shields, Goldfarb, Taylor & Houk
7319 North 16th Street
Phoenix, Arizona 85020
Tel.  602-870-9700
Fax  602-870-9783
mailroom@gillaw.com
achua@gillaw.com

Shawn A. McMillan, Esq. – SBN: 208529
attyshawn@netscape.net
Stephen D. Daner, Esq. – SBN: 259689
steve.mcmillanlaw@gmail.com
Adrian M. Paris, Esq. – SBN: 301355
adrian.mcmillanlaw@gmail.com
THE LAW OFFICES OF SHAWN A. MCMILLAN, APC
4955 Via Lapiz
San Diego, California 92122
Phone: (858) 646-0069
Fax: (858) 746-5283

Attorneys for Plaintiff,
Ellen Keates

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ellen Keates, an individual;<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Michael Koile, et al.,<br><br>　　　　Defendants. | Case No: 2:15-cv-01270-NVW<br><br>**MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**[FRCP, Rule 50(a)]**<br><br>Judge:　　Hon. Neil V. Wake |

/ / /

## I. INTRODUCTION

Pursuant to FRCP, Rule 50(a), Plaintiff Ellen Keates moves for judgment as to Defendants Michael Koile and Kimberly Pender's constitutional violation and liability for interfering with Ellen's right to familial association without due process of law.

Defendants admissions and stipulations show that Koile and Pender (1) acted under color of law and (2) seized Amber from Ellen's custody without a court order or parental consent. This satisfies Plaintiff's burden to establish a *prima facie* constitutional violation by Koile and Pender. There is no legally sufficient evidentiary basis for a reasonable jury to find otherwise.

Defendants failed to present sufficient evidence to negate this constitutional violation by proving an exception, i.e., exigent circumstances.

Therefore, Plaintiff is entitled to judgment as a matter of law as to Koile and Pender.

## II. LAW & ARGUMENT

Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the Defendant on the claim or defense. FRCP, Rule 50(a).

The standard for granting a motion for judgment as a matter of law mirrors the standard for summary judgment, such that the inquiry under each is the same. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

The Court assumes the veracity of Defendants' admissions and stipulations. *Cruz-Vargas v. R.J. Reynolds Tobacco Co.*, 348 F.3d 271, 275 (1st Cir. 2003). Likewise, the Court gives credence to the Plaintiff's supporting evidence that is uncontradicted and unimpeached, at least to the extent that that evidence comes from a disinterested witness. *Reeves, supre*, 530 U.S. at 151.

Here, because unwarranted seizures are presumptively unlawful, the burden is on Defendants to show exigent circumstances existed at the time of seizure. *See Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984); *Keates v. Koile*, 883 F.3d 1228, 1236-1238 (9th

Cir. 2018); *Wallis v. Spencer*, 202 F.3d 1126, 1136 and 1138 (9th Cir. 2000); *see also, Demaree v. Pederson*, 887 F.3d 870, 883 (9th Cir. 2018).

1. **The Uncontested Evidence Establishes that Defendants (1) Acted Under Color of Law and (2) Seized Amber From Ellen's Custody Without a Court Order or Parental Consent**

The Constitution guarantees that parents and children will not be separated without due process of law, except in emergencies. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018); *Demaree v. Pederson*, 887 F.3d 870, 878 (9th Cir. 2018); *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007). In the context of child removals by social services agencies, exigency is narrowly defined. More than "probable cause" is required. *Mabe v. San Bernardino County*, 237 F.3d 1101, 1108 n.2 (9th Cir. 2001).

To establish a constitutional violation, Plaintiff *only* needs to show an unauthorized seizure under color of law. *Demaree, supra*, 887 F.3d at 883 ("*the government* must also show that a warrant could not have been obtained in time") (emphasis added); *Baker v. Cty. of L.A.*, 2013 U.S. Dist. LEXIS 190702, *16 (C.D. Cal. Sep. 27, 2013); *see, e.g.*, *Birair v. Kolycheck*, 2018 U.S. Dist. LEXIS 150671, *26-27 (D. Ariz. Sep. 5, 2018). In turn, Defendant bears the burden to negate this violation by proving an exception, i.e., exigent circumstances. *See Welsh, supra*, 466 U.S. at 750; *Birair, supra*, 2018 U.S. Dist. LEXIS 150671, at *26-27; *Baker, supra*, 2013 U.S. Dist. LEXIS 190702, at *16.

Thus, to succeed on a unwarranted seizure claim, Plaintiff only needs to prove: (1) action or participation; (2) by an official acting under color of state law; (3) resulting in removal of a child; (4) without a Court order authorizing the removal.[1] *Baker, supra*, 2013 U.S. Dist. LEXIS 190702 at *16 (C.D. Cal. Sep. 27, 2013); *see, e.g.*, *Birair, supra*,

---

[1] *See also Demaree, supra*, 887 F.3d at 881 and 883 ("because *the defendants did not identify* any risk of physical injury or molestation to the children, *they did not identify* the requisite risk of imminent physical injury or abuse.") (emphasis added).

MOTION FOR JUDGMENT AS A MATTER OF LAW

2

2018 U.S. Dist. LEXIS 150671 at *26-27 (D. Ariz. Sep. 5, 2018).

Here, the uncontested evidence establishes the following:

(1) Koile and Pender were employees of the State of Arizona acting under that authority; (Pretrial Order (Doc. No. 295), p. 5 of 71, ln. 27 - p. 6 of 71, ln. 6; p. 6 of 71, ln. 7-14; p. 7 of 71, ln. 21-28; p. 8 of 71, ln. 1-8.)

(2) Koile seized Amber from Ellen's custody; (Pretrial Order (Doc. No. 295), 5 of 71, ln. 20-22.)

(3) Pender approved Amber's seizure from Ellen's custody; (Pretrial Order (Doc. No. 295), 5 of 71, ln. 23-25; p. 6 of 71, ln. 17-21.), and,

(4) Koile seized Amber without a court order *and* without parental consent. (Pretrial Order (Doc. No. 295), 5 of 71, ln. 20-22; p. 6 of 71, ln. 25 - p. 7 of 71, ln. 5.)

Accordingly, the uncontested evidence establishes a *prima facie* constitutional violation by Koile and Pender. There is no legally sufficient evidentiary basis for a reasonable jury find otherwise.

**2. At the Time of Seizure, Amber Was Not in Imminent Danger of Serious Physical Bodily Injury or Death**

Warrantless seizures and searches are presumptively unreasonable. *See Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984); *Mann v. Cty. of San Diego*, 907 F.3d 1154, 1164 (9th Cir. 2018) ("Searches conducted without a warrant are *per se* unreasonable.").

Hence, Defendants bear the burden of proving that a warrantless seizure was justified by exigency. *See Welsh, supra*, 466 U.S. at 750; *Birair, supra*, 2018 U.S. Dist. LEXIS 150671, at *26-27; *Baker, supra*, 2013 U.S. Dist. LEXIS 190702, at *16; *see also Demaree, supra*, 887 F.3d at 881 and 883.

To meet this burden, Defendants must provide evidence showing that:

(1) Amber was in immediate danger of suffering serious physical injury or death; *Keates, supra*, 883 F.3d at 1236; *Wallis, supra*, 202 F.3d at 1136 and

1138; *Demaree, supra*, 887 F.3d at 878; *Rogers, supra*, 487 F.3d at 1294; *and*,

(2) Defendant pursued reasonable avenues of investigation, and corroborated the abuse allegations; *Keates, supra*, 883 F.3d 1228, 1236-1238; *and*,

(3) The scope and degree of the intrusion was reasonably necessary to avert that specific physical injury. *Mabe v. San Bernardino County*, 237 F.3d 1101, 1109-1110 (9th Cir. 2001).

### A. Amber was Not in Imminent Danger of Serious Physical Bodily Injury or Death

Defendant must show exigency by "particularized evidence," this burden is not satisfied by "mere speculation that the exigency exists." *Bailey v. Newland*, 263 F.3d 1022, 1033 (9th Cir. 2001); *Garver v. Washoe County*, 2011 U.S. Dist. LEXIS 137703, *18-19 (D. Nev. 2011)("Speculative danger [is] insufficient.").

Defendant Koile failed to provide particularized - non-speculative - evidence showing that Amber was in immediate danger of suffering serious physical bodily injury.

Instead, Koile merely speculates that Amber "could be in danger" without in-patient treatment. (Exhibit A, Trial Transcript (3/12/2020), 100:15-24.)

At the time of seizure, Defendants knew that Amber was receiving appropriate medical care, remained in the hospital under the supervision of medical professionals, and was "safe." (Exhibit A, Trial Transcript (3/12/2020), 63:18-24; 77:12-21; 85:8-12.)

Under these circumstances, Amber was not in immediate danger of serious physical bodily injury. *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 791-792 (9th Cir. 2016).

Further, at the time of seizure, Koile knew that Ellen did not pose an immediate threat of physical harm to Amber, because she was not at the hospital. (Exhibit A, Trial Transcript (3/12/2020), 77:22-24.)

Defendant Koile claims that Amber was in immediate danger, because it was "alleged" that Ellen was unwilling to provide treatment and disregarding the medical professionals' recommendations. (Exhibit A, Trial Transcript (3/12/2020), 70:18-22; 75:18-22.) But, this "allegation" did not represent the true state of affairs and evidence at the *time* of seizure.

To the contrary, Ellen had voluntarily consented to Amber's overnight admission to Phoenix Children's Hospital for observation and a psychiatric examination. (Koile Depo (Doc. No. 324-2), 145:19-24; Pender Depo (Doc. No. 324-3), 132:17-23; 161:11-18; 164:20-24.) This fact undercuts any claim of exigency. (Pender Depo (Doc. No. 324-3), 108:10-110:16; 132:17-133:5; 133:13-15; 133:24-134:3; 134:11-22.)

Defendants failed to provide sufficient evidence upon which a reasonable jury could find that Defendants had particularized – non-speculative – evidence showing that Amber was in immediate danger of suffering serious bodily injury.

**B.     Defendants Failed to Pursue All Reasonable Avenues of Investigation**

Under established law, a social worker cannot seize a child suspected of being abused or neglected *unless* reasonable avenues of investigation are *first* pursued. *Keates v. Koile*, 883 F.3d 1228, 1237 (9th Cir. 2018); *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 1999). This is a question of fact for the jury. *Ibid.* Defendants concede this. (Exhibit A, Trial Transcript (3/12/2020), p. 61:5-17; Pender Depo (Doc. No. 324-3), 10:11-11:24.)

Indeed, abuse allegations must be investigated and *corroborated* to give rise to a reasonable inference of imminent danger sufficient to justify removal without court order. *See Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1294-95 (9th Cir. 2007); *see Keates v. Koile, supra*, 883 F.3d at 1237.

This legal precept is the law of the case, and cannot be disregarded. *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993).

At a minimum, a reasonable investigation requires a social worker to speak with material witnesses. *Swartwood v. Cty. of San Diego*, 84 F. Supp. 3d 1093, 1108-1109 (S.D. Cal. 2014).

Thus, allegations of neglect – alone – are insufficient to establish as a matter of law that caseworker had reasonable grounds to believe that a child was in imminent danger so as to justify removal without court order. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1011 (7th Cir. 2000).

Indeed, allegations included in a hotline referral are merely a secondhand recap of information provided to the child abuse hotline. It does not represent the true state of affairs and evidence at the time of seizure. Rather, the allegations need to be verified. (See Pender Depo (Doc. No. 324-3), 10:11-11:24.) Thus, it cannot establish reasonable cause – at the time of seizure – to believe that the child is in imminent danger of serious bodily injury.

Here, prior to Amber's seizure, Koile failed to interview several material witnesses – including Ellen, Amber's treating physician, and the hospital social workers. (Pender Depo. (Doc. No. 324-3), 163:20-164:10; Exhibit 85, p. 2, ln. 7-20; Exhibit 86, p. 2, ln. 7-19.)

Further, Defendant Koile seized Amber based on uncorroborated allegations. (Exhibit A, Trial Transcript (3/12/2020), 70:18-22; 75:18-22; Koile Depo (Doc. No. 324-2), 145:19-24; Pender Depo (Doc. No. 324-3), 132:17-23; 161:11-18; 164:20-24.) Moreover, prior to the seizure, Koile did not review Amber's medical records. (Searles Depo (Doc. No. 324-5), 43:17-24; 63:8-64:12.)

Defendant Koile interfered with – and severed – Ellen and Amber's familial relationship after he arrived at the hospital – but before he issued a Temporary Custody Notice. (Searles Depo (Doc. No. 324-5), 32:16-33:2, 49:11-24; 51:7-15.)

Defendant Koile did not attempt to determine whether Amber required "in-patient treatment." (Exhibit A, Trial Transcript (3/12/2020), 108:13-15.)

Defendants failed to provide sufficient evidence upon which a reasonable jury could find that Defendants pursued all reasonable avenues of investigation *and* corroborated the hotline referral allegations.

### C.  Koile Failed to Consider Lesser Intrusive Alternatives to Seizure

Before seizing a child without a court order, social workers must consider whether a lesser intrusive alternative means of protecting the child exists. *Wallis, supra*, 202 F.3d at 1138; *Swartwood, supra*, 84 F. Supp. 3d 1093, 1109. One such lesser intrusive alternative to consider is whether the child can be placed in the custody of a relative. *Fredenburg v. County of Santa Clara*, 407 Fed. Appx. 114, 115-116 (9th Cir. 2010). Because the "scope of the intrusion" must be reasonably necessary to avert a "specific injury," the intrusion cannot be longer than necessary to avert that specific injury. *Keates, supra*, 883 F.3d at 1237.

Prior to Amber's seizure, Koile did not provide Ellen Keates with any referrals to any mental health or behavioral health services. (Pender Depo. (Doc. 324-3), 214:14-19; Exhibit 25.1.)

In fact, Koile can not show that he sufficiently explored any lesser intrusive means, because he did not talk with Ellen prior to the seizure. (Exhibit A, Trial Transcript (3/12/2020), 81:1-2.) All the while, Ellen was communicating with Phoenix Children's Hospital, and desperately trying to speak with Koile. (Searles Depo (Doc. No. 324-5), 23:17-22; 24:8-16; 29:5-8; 29:20-30:3; 30:11; 46:1-15.) Koile admits that this conversation was necessary to sufficiently explore all available safety plans that could alleviate the need for Amber's seizure. (Exhibit A, Trial Transcript (3/12/2020), 78:3-11.)

Defendants failed to provide sufficient evidence upon which a reasonable jury could find that Defendants consider all lesser alternatives to seizue.

///

## V. CONCLUSION

Plaintiff's burden to establish a *prima facie* constitutional violation is satisfied by Defendant Koile and Pender's admissions and stipulations. There is no legally sufficient evidentiary basis for a reasonable jury to find otherwise.

Likewise, Defendants failed to present sufficient evidence to negate this constitutional violation by proving an exception, i.e., exigent circumstances.

This Court should enter Judgment as a Matter of Law as to Koile and Pender's violation of Plaintiff's constitutional rights.

Dated: March 17, 2020          The Law Offices of Shawn A. McMillan, A.P.C.

                                         /s/ Stephen D. Daner
                                         Shawn A. McMillan, Esq.
                                         Stephen D. Daner, Esq.
                                         Adrian M. Paris, Esq.
                                         Attorneys for Plaintiff Ellen Keates